**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

LUIS OBANDO,
*on behalf of himself,*

                Plaintiff,

    v.

PIO PIO NYC, INC.
    d/b/a PIO PIO,
SIPAN RESTAURANT OF NEW YORK, INC.
    d/b/a PIO PIO,
PIO PIO OCHO, INC.
    d/b/a PIO PIO,
PIO PIO 34, INC.
    d/b/a PIO PIO,
PIO PIO 85, INC.
    d/b/a PIO PIO,
PIO PIO EXPRESS, INC.
    d/b/a PIO PIO EXPRESS,
POLLOS A LA BRASA PIO, PIO, INC.
    d/b/a PIO PIO,
PIO-PIO RESTAURANT, INC.
    d/b/a PIO PIO,
EL PILLO INC.
    d/b/a AMARU,
MOCHICA GROUP CORP.,
INES YALLICO, and AUGUSTO YALLICO,

                Defendants.

Case No.:

**COMPLAINT**

**Jury Trial Demanded**

1

Plaintiff LUIS OBANDO ("Plaintiff OBANDO" or "Plaintiff"), on behalf of himself, by and through his undersigned attorneys, hereby files this Complaint against Defendants PIO PIO NYC, INC. d/b/a PIO PIO, SIPAN RESTAURANT OF NEW YORK, INC. d/b/a PIO PIO, PIO PIO OCHO, INC. d/b/a PIO PIO, PIO PIO 34, INC. d/b/a PIO PIO, PIO PIO 85, INC. d/b/a PIO PIO, PIO PIO EXPRESS, INC. d/b/a PIO PIO EXPRESS, POLLOS A LA BRASA PIO, PIO, INC. d/b/a PIO PIO, PIO-PIO RESTAURANT, INC. d/b/a PIO PIO, EL PILLO INC. d/b/a AMARU, MOCHICA GROUP CORP., (together, the "Corporate Defendants"), INES YALLICO, and AUGUSTO YALLICO (together, the "Individual Defendants," and collectively with the Corporate Defendants, the "Defendants") and states as follows:

## INTRODUCTION

1.     Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that he is entitled to recover from Defendants: (1) unpaid wages, including overtime, due to a fixed salary; (2) liquidated damages; and (3) attorneys' fees and costs.

2.     Plaintiff alleges, pursuant to the New York Labor Law ("NYLL"), that he is entitled to recover from Defendants: (1) unpaid wages, including overtime, due to a fixed salary; (2) unpaid spread of hours premium; (3) statutory penalties; (4) liquidated damages; and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4.     Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff, LUIS OBANDO, is a resident of Queens County, New York.

6. Defendants operate a chain of nine Peruvian Restaurants and a bar as a single integrated enterprise. All nine restaurants share the trade name "Pio Pio." The Pio Pio restaurants and bar are located at the following addresses:

   a. 62-30 Woodhaven Boulevard, Rego Park, NY 11379 (the "Rego Park Location");

   b. 84-02 Northern Boulevard, Jackson Heights, NY 11372 (the "Jackson Heights Location");

   c. 84-21 Northern Boulevard, Jackson Heights, NY 11372 (the "Jackson Heights To-Go Location");

   d. 264 Cypress Ave., Bronx, NY 10454 (the "Bronx Location");

   e. 604 Tenth Ave., New York, NY 10036 (the "Hell's Kitchen Location");

   f. 210 E. 34th St., New York, NY 10016 (the "Murray Hill Location");

   g. 702 Amsterdam Ave., New York, NY 10025 (the "Upper West Side Location");

   h. 1746 First Ave., New York, NY 10128 (the "Upper East Side Location");

   i. 282 Kings Hwy, Brooklyn, NY 11223 (the "Brooklyn Location") (Now Closed);

(collectively, "Pio Pio Restaurants"),

   j. 84-13 Northern Blvd, Jackson Heights, NY 11372 (the "Amaru Bar").

7. Corporate Defendants:

a. PIO PIO NYC INC. d/b/a PIO PIO, is a domestic business corporation organized under the laws of the State of New York, with a principal executive office and an address for service of process located at 84-15 Northern Boulevard, Jackson Heights, NY 11372. PIO PIO NYC, INC. owns and operates the Bronx Location, located at 264 Cypress Ave., Bronx, NY 10454. AUGUSTO YALLICO is the Chief Executive Officer of PIO PIO NYC, INC.

b. SIPAN RESTAURANT OF NEW YORK, INC. d/b/a PIO PIO, is a domestic business corporation organized under the laws of the State of New York, with a principal executive office and an address for service of process located at 32-68 85th St., East Elmhurst, New York 11378. SIPAN RESTAURANT OF NEW YORK, INC. owns and operates the Upper West Side Location, located at 702 Amsterdam Ave., New York, NY. AUGUSTO YALLICO is the Chief Executive Officer of SIPAN RESTAURANT OF NEW YORK, INC.

c. PIO PIO OCHO, INC. d/b/a PIO PIO, is a domestic business corporation organized under the laws of the State of New York, with an address for service of process located at c/o Thomas T. Hecht, P.C., 1270 Avenue of the Americas, Second Floor, New York, NY 10020. PIO PIO OCHO, INC. owns and operates the Hell's Kitchen Location, located at 604 10th Ave., New York, NY 10036.

d. PIO PIO 34, INC. d/b/a PIO PIO, is a domestic business corporation organized under the laws of the State of New York, with a principal executive office located at 32-68 85th St., East Elmhurst, New York 11370, and an address for service of process located at c/o Mochica Group, 32-68 85th St, East Elmhurst, NY 11370. PIO PIO 34, INC. owns and operates the Murray Hill Location,

located at 210 E. 34th St., New York, NY 10016. AUGUSTO YALLICO is the Chief Executive Officer of PIO PIO 34, INC.

e. PIO PIO 85, INC. d/b/a PIO PIO, is a domestic business corporation organized under the laws of the State of New York, with a principal executive office and an address for service of process located at 84-15 Northern Boulevard, Jackson Heights, NY 11372. PIO PIO 85, INC. owns and operates the Jackson Heights To Go Location, located at 84-21 Northern Boulevard, Jackson Heights, NY 11372. AUGUSTO YALLICO is the Chief Executive Officer of PIO PIO 85, INC.

f. PIO PIO EXPRESS, INC. d/b/a PIO PIO EXPRESS, is a domestic business corporation organized under the laws of the State of New York, with a principal executive office and address for service of process located at 1746 First Ave., New York, NY 10128. PIO PIO EXPRESS, INC. owns and operates the Upper East Side Location, located at 1746 First Ave., New York, NY 10128. AUGUSTO YALLICO is the Chief Executive Officer of PIO PIO EXPRESS, INC.

g. POLLOS A LA BRASA PIO, PIO, INC. d/b/a PIO PIO, is a domestic business corporation organized under the laws of the State of New York, with a principal executive office and an address for service of process located at 82-30 Woodhaven Boulevard, Rego Park, NY 11374. POLLOS A LA BRASA PIO, PIO, INC. operates the Rego Park Location, located at 62-30 Woodhaven Boulevard, Rego Park, NY 11374. AUGUSTO YALLICO is the Chief Executive Officer of POLLOS A LA BRASA PIO, PIO, INC.

h. PIO-PIO RESTAURANT, INC. d/b/a PIO PIO, is a domestic business corporation organized under the laws of the State of New York, with a principal executive office located at 84-02 Northern Boulevard, Jackson Heights, NY 11372, and address for service of process located at PO BOX 690050 East Elmhurst, NY 11369. It operates the Jackson Heights Location, located at 84-02 Northern Boulevard, Jackson Heights, NY 11372. AUGUSTO YALLICO is the Chief Executive Officer of PIO-PIO RESTAURANT, INC.

i. EL PILLO INC. d/b/a AMARU, is a domestic business corporation organized under the laws of the State of New York, with a principle executive office at 84-15 Northern Blvd, 2nd Fl., Jackson Heights, New York, 11372 and an address for service of process located at 84-13 Northern Blvd, Jackson Heights, New York, 11372. EL PILLO INC. owns and operates the bar Amaru located at 8413 Northern Blvd, Jackson Heights, New York, 11372. AUGUSTO YALLICO is the Chief Executive Officer of EL PILLO, INC.

j. MOCHICA GROUP CORP. is a domestic business corporation organized under the laws of the State of New York, with an address for service of process located at c/o Spiegel & Utrera, P.A., P.C., 45 John Street, Suite 711, New York, NY 10038. MOCHICA GROUP CORP. owns and operates the Pio Pio Restaurants through its 100% ownership of each of the other Corporate Defendants, each of which owns and operates individual Pio Pio Restaurants directly.

8. Individual Defendant AUGUSTO YALLICO is the Chief Executive Officer, owner, and principal of all Corporate Defendants. AUGUSTO YALLICO hired the Plaintiff directly and operates and supervises the Pio Pio Restaurants.

9. Individual Defendant INES YALLICO is a principal, owner, and controlling member of all Corporate Defendants. At all relevant times, INES YALLICO has been the General Manager of the Pio Pio Restaurants.

10. Each of the Individual Defendants had the power and exercised the authority to (i) fire and hire all employees of Pio Pio Restaurants; (ii) determine their rate and method of pay; (iii) determine their work schedules; (iv) maintain employees' employment records; and (v) otherwise affect the quality of employment of Plaintiff. The Individual Defendants exercised functional control over the business and financial operations of the Corporate Defendants, including ensuring that employees properly prepared food and served customers to ensure that the Pio Pio restaurants were operating efficiently and profitably. At all times, employees could complain to either of the Individual Defendants directly regarding any of the terms of their employment, and the Individual Defendants would have the authority to effect any changes to the quality and terms the employment.

11. The Pio Pio Restaurants are operated from a single central office located at 8421 Northern Blvd., Jackson Heights, NY 11372. The central office is the operational headquarters of Corporate Defendant MOCHICA GROUP CORP. All employee and payroll records were managed and retained at the central office. Additionally, bookkeeping, human resources, and marketing personnel worked from the central office to manage all Pio Pio restaurants.

12. Individual Defendants, INES YALLICO and AUGUSTO YALLICO are officers in charge of daily operations of each of the Pio Pio restaurants. At all times, INES YALLICO and

AUGUSTO YALLICO control each of the managers at each of the Pio Pio restaurants. At all times, INES YALLICO and AUGUSTO YALLICO have a direct or indirect controlling interest in each of the Pio Pio restaurants.

13. The Defendants operate all nine Pio Pio restaurants and the bar Amaru as a single integrated enterprise. Specifically, the restaurants and bar are engaged in related activities, share common ownership, and have a common business purpose:

  a. Related Activities

     i. The Pio Pio Restaurants and bar Amaru interchange supplies and employees are shifted among the restaurants and bar. Employees are also allowed to cover shifts at different locations. For example, Plaintiff OBANDO worked at multiple locations throughout his employment.

     ii. The Pio Pio Restaurants and the bar Amaru are operated from a single central office located at 8421 Northern Blvd., Jackson Heights, NY 11372. The central office is the operational headquarters of Corporate Defendant MOCHICA GROUP CORP. All employee and payroll records were managed and retained at the central office. Additionally, bookkeeping, human resources, and marketing personnel worked from the central office to manage all Pio Pio restaurants and the bar Amaru.

     iii. The Pio Pio restaurants are all advertised jointly as a common enterprise on Defendants' website, htttp://www.piopio.com.

  b. Common Ownership

     i. Individual Defendants, INES YALLICO and AUGUSTO YALLICO are officers in charge of daily operations of each of the Pio Pio restaurants and

     the bar Amaru. They set all wage and hour policies, which are effected by managers at each Pio Pio restaurant.

    ii. At all times, INES YALLICO and AUGUSTO YALLICO control each of the managers at each of the Pio Pio restaurants and the bar Amaru.

    iii. At all times, INES YALLICO and AUGUSTO YALLICO have a direct or indirect controlling interest in each of the Pio Pio restaurants and the bar Amaru.

  c. Common Business Purpose

    i. The Pio Pio restaurants and the bar Amaru all share similar menu items and specialize in serving Peruvian cuisine and drinks.

Although the Plaintiff did not work at all the Pio Pio restaurants, all of the restaurants are appropriately named in this Complaint through the relevant Corporate Defendants described above. Because all of the restaurants share identical illegal wage and hour policies, the restaurants (and the relevant Corporate Defendants) are properly named because of outstanding liability to the Plaintiff.

  14. At all relevant times, the Corporate Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

  15. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendants.

  16. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## **STATEMENT OF FACTS**

17. In or around June 2013, Plaintiff was hired by Defendants to work as a dishwasher at the Jackson Heights Location at 84-02 Northern Boulevard, Jackson Heights, NY 11372. Plaintiff also worked at Defendants' Jackson Heights To-Go Location, and Hell's Kitchen Location, and at the Upper East Side Location. Plaintiff's employment with Defendants terminated in or around February 2023.

18. From in or around September 2019, Plaintiff was promoted to Kitchen Supervisor. However, as a Kitchen Supervisor, Plaintiff was spending 90% of his time dishwashing, meal prepping, cooking, doing porter work, taking out the garbage, cleaning, etc. The other 10% of his time, Plaintiff was ordering kitchen supplies. At no point did Plaintiff hire, fire, or set the schedule of kitchen employees.

19. Throughout his employment, Plaintiff was scheduled to work 2 days a week from 10:00 a.m. to 9:00 p.m., 1 day from 10:00 a.m. to 6:00 p.m., 1 day from 10:00 a.m. to 7:00 p.m., and 1 day from 10:00 a.m. to 11:00 p.m., for a total of 52 hours per week.

20. At all relevant times, Plaintiff was not paid overtime premium for hours worked more than 40 hours per week. Defendants knowingly and willfully failed to pay Plaintiff the proper overtime premium rate of time and one half of regular hourly rate for each hour exceeding 40 hours per workweek.

21. From in or around September 2019 to in or around June 2022, Plaintiff was compensated at a fixed salary of $850.00 per week, regardless of how many hours he worked each workweek. From in or around June 2022 to the end of his employment, Plaintiff was compensated at a fixed salary of $1,125.00 per week, regardless of how many hours he worked each workweek.

However, there was never any agreement that Plaintiff's fixed weekly salary was intended to cover the overtime hours in excess of 40 that he worked.

22. Throughout his employment, Plaintiff regularly worked shifts exceeding 10 hours in duration. However, he never received any spread of hours premium for working such shifts, as required under the NYLL.

23. In failing to provide proper wage statements and notices, Defendants have failed to comply with the law in a manner that clearly entails a concrete risk of harm to an interest identified by the New York State legislature. Defendants' failure to provide such notices trivializes the importance of these notices in protecting Plaintiff's interest in ensuring proper pay. Despite Defendants' conduct, there is a reason why the New York legislature concluded that enacting wage notice provisions would "far better protect workers' rights and interests" than existing penalties. *See* N.Y. Spons. Mem., 2010 S.B. 8380. Written notices function as a means of apprising employees of their rights and of their employer's obligations towards them, empowering employees to advocate for themselves. Deprivation of such notices necessarily entails a significant risk of harm to the employees' concrete interest in being paid properly and timely.

24. Due to Defendants' failure to provide legally mandated notices such as earning statements and wage notices, Defendants were able to hide their wrongdoing from employees, and continue to attempt to hide their wrongdoing necessitating the current litigation. The failure to provide NYLL notices continues to result in delayed payment of all proper wages owed to Plaintiff.

25. Defendants knowingly and willfully operated their business with a policy of failing to pay Plaintiff his wages, including overtime, because they improperly paid Plaintiff at a fixed salary.

26. Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiff, in violation of the NYLL.

27. Defendants failed to provide wage notices to Plaintiff, at the beginning of employment and annually thereafter, pursuant to the requirements of the NYLL.

28. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the NYLL.

29. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

30. Plaintiff realleges and incorporates all the foregoing paragraphs as if fully set forth herein.

31. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

32. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

33. At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.

34. At all relevant times, Defendants failed to pay Plaintiff for all hours worked.

35. At all relevant times, the Defendants had a policy and practice that failed to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for all hours worked in excess of 40 hours per workweek due to a fixed salary.

36. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff should be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

37. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their intentional failure to compensate Plaintiff for every hour they worked, including regular hours and overtime hours.

38. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

39. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated (i.e., double) damages pursuant to the FLSA.

40. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid overtime wages; plus an equal amount as liquidated damages.

41. Plaintiff is entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

42. Plaintiff realleges and incorporates all the foregoing paragraphs as if fully set forth herein.

43. At all relevant times, Plaintiff was employed by Defendants within the meaning of the NYLL §§ 2 and 651.

44. Defendants willfully violated the rights of Plaintiff by failing to pay him overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of 40 hours in a workweek due to a fixed salary.

45. Defendants failed to properly notify employees of their overtime rate, in direct violation of the NYLL.

46. Defendants knowingly and willfully violated rights of Plaintiff by failing to pay "spread of hours" premium to him for each day he worked 10 or more hours.

47. Defendants knowingly and willfully failed to provide Plaintiff with proper wage statements as required under the NYLL.

48. Defendants knowingly and willfully failed to provide Plaintiff with proper wage and hour notices as required under the NYLL.

49. Due to the Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants unpaid overtime wages; unpaid spread of hours premium; reasonable attorneys' fees, liquidated damages; statutory penalties; and costs and disbursements of the action, pursuant to NYLL.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

b. An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid wages, including overtime, due to a fixed salary due under the FLSA and NYLL;

d. An award of unpaid "spread of hours" premium due under the NYLL;

e. An award of statutory penalties as a result of Defendants' failure to comply with NYLL wage notice and wage statement requirements;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay all wages, pursuant to 29 U.S.C. § 216;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay compensation for all hours worked and overtime compensation for all hours worked over 40 per workweek, pursuant to 29 U.S.C. § 216;

h. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay compensation for all hours worked and overtime compensation for all hours worked over 40 per workweek, including spread of hours, pursuant to the NYLL;

i. An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

j. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: July 10, 2023

                                                Respectfully submitted,
By: */s/ C.K. Lee*
      C.K. Lee, Esq.

**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff*